**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| L.D., by and through his next friend and parent, Tana Deter, ) ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. 1:09-cv-45 |
| MEIJER, INC., ) ) ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a Verified Petition for Removal filed on February 19, 2009, by Defendant Meijer, Inc., removing this case from the Allen Superior Court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Docket # 2.) Because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, this case will be REMANDED to the Allen Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

### *A. Factual and Procedural Background*

On January 29, 2009, Plaintiff L.D., by and through his next friend and parent, Tana Deter, commenced this action against Defendant Meijer in Allen Superior Court alleging that Defendant was negligent in maintaining the condition of its premises. (Docket # 1.) More specifically, the complaint alleges that L.D. (a seven-month old) suffered "severe injuries" when "he was ejected from a shopping cart provided by Defendant when a wheel of the cart fell in [a] hole in the walkway provided for the use of patrons of the Defendant's store." (Compl. ¶¶ 4, 5.)

On February 19, 2009, Defendant removed the case to federal court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Docket # 2.) A preliminary pretrial conference was held on March 25, 2009, at which the Court called for briefing on whether the Court has subject matter jurisdiction – more particularly, whether the amount in controversy actually exceeds $75,000. (Docket # 7.)

On April 8, 2009, Plaintiff filed a brief stating that the "total amount of Plaintiff's damages is for a jury to determine," and that he "does not feel that it is appropriate to stipulate that the damages in this case are less than $75,000." (Docket # 10.) That same day, Defendant filed a Motion for Extension of Time to Brief the Court Regarding Its Jurisdiction, requesting that the Court grant it leave to conduct initial discovery concerning the amount in controversy and extend the deadline for briefing the issue until its receipt of the initial discovery requests. (Docket # 11.)

On April 9, 2009, after a hearing on Defendant's Motion (Docket # 13), the Court denied Defendant's request to perform discovery and granted Defendant a brief extension of time within which to file evidence and a brief in support of removal. (Docket # 14.) On April 24, 2009, Defendant filed its brief and supporting evidence. (Docket # 15.)

### B. *Applicable Legal Standard*

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with

any doubt regarding jurisdiction resolved in favor of remand. *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The burden of establishing federal jurisdiction falls on the party seeking removal. *Oshana v. Coca-Cola* Co., 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Doe*, 985 F.2d at 911.

In this case, subject-matter jurisdiction could only be based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). There is no question that the parties are diverse[1]; the only question for the Court is whether the amount in controversy exceeds $75,000. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana*, 472 F.3d at 511 (citations omitted). The proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.*; *see Bailey v. Conocophillips Co.*, No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000.").

When the complaint does not establish the amount in controversy, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511. The Seventh Circuit Court of Appeals has suggested several ways in which this may be done: by contention interrogatories or admissions in state court; by calculation

---

[1] The parties represent that Plaintiff is a citizen of Indiana and that Defendant was incorporated under the laws of the State of Michigan and maintains its principal office in Michigan. (V. Pet. for Removal ¶¶ 3, 4.)

from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's experts, about how much it would cost to satisfy the plaintiff's demands. *Meridian Security*, 441 F.3d at 541; *Malinowski v. Walgreen Co.*, No. 2:08-CV-173 RM, 2008 WL 2704740, at *2 (N.D. Ind. July 3, 2008). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (citation omitted and internal quotations marks omitted).

## C. Discussion

Here, the complaint simply alleges that Plaintiff "suffered severe injuries" from Defendant's purported negligence and does not advance a particular amount of damages. Therefore, to avoid a remand, Defendant must produce a "good-faith estimate" of the amount in controversy that is "plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511.

In an attempt to do so, Defendant produces Plaintiff's medical records from his period of hospitalization after the accident (November 21, 2007, through March 10, 2008), reflecting $24,477.95 in medical bills. (Br. in Supp. of Mot. for Ext. of Time to Complete Disc. and to Br. the Ct. Regarding Its Jurisdiction ("Def.'s Br."), Attach. 6.) Defendant then asserts that it "anticipates" that Plaintiff incurred additional medical expenses after March 10, 2008, noting that Plaintiff's Well Child Exam on March 10, 2008, states that a referral was made to "follow development" and a follow-up examination was scheduled in six weeks. (Def.'s Br. 3.) Defendant reasons that since Plaintiff was seven months old when he sustained a skull fracture, it

is possible that he "may have developmental consequences that would impact the rest of Plaintiff's life and magnify his potential damages." (Def.'s Br. 8.)

Yet, beyond these naked speculations, Defendant provides no plausible basis for the Court to conclude that the amount of damages will exceed $75,000 in the aggregate. The only bills that Plaintiff has accrued as of the date of the removal total just one-third of that amount, and though Plaintiff was scheduled for a follow-up appointment six weeks after his discharge from the hospital, there is no indication that such an appointment was kept, or more importantly, that the child needs or was provided with ongoing therapy or medical care. In fact, the complaint is devoid of any allegations that Plaintiff suffered a permanent injury or that any type of disability or reduced earning capacity is likely to result. Nor has Defendant produced any interrogatories or admissions from state court or evidence from a medical expert to substantiate its estimate that the damages will exceed $75,000 in this instance. *See Meridian Security*, 441 F.3d at 541. Indeed, the amount in controversy must be established as of "the day the suit was removed," not some unknown point in the future. *Oshana*, 472 F.3d at 511.

Admittedly, when a plaintiff facing removal of his claim chooses not to stipulate that his claim is worth less than $75,000, "the inference arises that he thinks his claim may be worth more." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *see also Oshana*, 472 F.3d at 511-12 (collecting cases). "But the Seventh Circuit has never held that the inference is dispositive." *Willyard v. Wal-Mart Stores, Inc.*, No. 08-cv-492-DRH, 2009 WL 303636, at *3 (S.D. Ill. Feb. 6, 2009) (citing *Oshana*, 472 F.3d at 512) (observing that a refusal to stipulate merely "worked against" a plaintiff seeking a remand). "Indeed, allowing an inference about what a plaintiff *thinks* his claim *may* be worth to dispose of the amount in

controversy requirement would be inconsistent with the Court's independent duty to police its own jurisdiction and a removing defendant's burden of proof to show subject matter jurisdiction exists." *Id.* (citing *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)).

Here, because Defendant has produced medical bills totaling only $25,000 and has not provided the Court with any competent proof indicating that Plaintiff may have permanent or disabling injuries or will require regular, ongoing care in the future, Defendant has failed to provide the Court with a plausible basis for concluding that the amount in controversy exceeds $75,000. As a result, the Court lacks subject matter jurisdiction, and therefore the case will be remanded to state court.

### *D. Conclusion*

Because it lacked subject matter jurisdiction at the time of removal, the Court on its own motion REMANDS this case under 28 U.S.C. § 1447(c) to the Allen Superior Court.

SO ORDERED.

Entered this 30th day of April, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge